*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KYLAND ANDREW HUDSON,

        Defendant-Appellant.

UNPUBLISHED
August 29, 2019

No. 342001
Calhoun Circuit Court
LC No. 2017-001326-FC

Before: STEPHENS, P.J., and GLEICHER and BOONSTRA, JJ.

BOONSTRA, J. (*concurring in part and dissenting in part*).

I concur with the majority's affirmance of defendant's convictions. I respectfully dissent, however, from the majority's vacating of defendant's out-of-guidelines[1] sentence. Because I believe the trial court articulated sufficiently detailed reasons to facilitate appellate review of the sentence imposed, and because I conclude that the sentence imposed was reasonable, I would affirm defendant's sentence.

The majority concludes that the trial court did not sufficiently explain why the out-of-guidelines sentence it imposed was more proportionate than a sentence within the minimum

---

[1] Historically, minimum sentences that exceeded the range of sentences recommended by the sentencing guidelines have been referred to as "departure sentences." The majority continues to use that phrasing. However, in light of the fact that the sentencing guidelines are now advisory (although still relevant to a trial court's sentencing determination), I believe it more accurate to refer to the challenged sentence as an "out of guidelines sentence" because the framework for reviewing such sentences post-*People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015), differs significantly from that which existed when the sentencing guidelines were mandatory. See *People v Lampe*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 342325) (BOONSTRA, J., concurring), slip op at 1-2, lv pending; see also *People v Odom*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 339027), slip op at 1, 3, 8 (referring to the defendant's sentence as an "out-of-guidelines sentence").

sentencing guidelines range and did not adequately articulate reasons for the length of the sentence imposed. I disagree both with the majority's framing of the question and with its conclusion.

Challenges to the proportionality of a defendant's sentence must be reviewed for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). We review for an abuse of discretion the reasonableness of a trial court's out-of-guidelines sentence. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). An abuse of discretion exists if the results are outside the range of reasoned and principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010).

When reviewing an out-of-guidelines sentence for reasonableness, we must review "whether the trial court abused its discretion by violating the principle of proportionality set forth in [*People v Milbourn*, 435 Mich 630, 461 NW2d 1 (1990)]." *Steanhouse*, 500 Mich at 477. A trial court abuses its discretion "in applying the principle of proportionality by failing to provide adequate reasons for the extent of the [out-of-guidelines] sentence imposed . . . ." *Id*. at 476. However, our Supreme Court has cautioned us that the principal of proportionality does not require a trial court to "sentence defendants with mathematical certainty." *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). "Nor are any precise words necessary" for a trial court to justify a particular departure; rather, the trial court's reasoning must be "sufficiently detailed to facilitate appellate review." *Id*. Our Supreme Court has held that the sentencing guidelines are now "advisory only," *Lockridge*, 498 Mich at 365, or "merely advisory," *id*. at 395 n 31.[2] To be sure, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion that trial courts must consult and take . . . into account when sentencing." *Id.* at 391. But our Supreme Court has emphasized that "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Steanhouse*, 500 Mich at 475, quoting *Milbourn*, 435 Mich at 661. And the Court has specifically disavowed "dicta in our proportionality cases [that] could be read to have urg[ed] that the guidelines should almost always control" and that thus could be interpreted as "creating an impermissible presumption of unreasonableness for sentences outside the Guidelines range." *Steanhouse* 500 Mich at 474 (quotation marks and citations omitted; second alteration in original). The *Steanhouse* Court also specifically disavowed the statement in *Milbourn* that departure sentences should " 'alert the appellate court to the possibility of a misclassification of the seriousness of a given crime by a given offender and a misuse of the legislative sentencing scheme.' " *Id*., quoting *Milbourn*, 435 Mich at 659. "Rather than impermissibly measuring proportionality by reference to deviations from the guidelines, our principle of proportionality requires 'sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Steanhouse* 500 Mich at 474, quoting *Milbourn*, 435 Mich at 636. See also *People v Walden*, 319 Mich App

---

[2] Indeed, the Supreme Court has subsequently reiterated those descriptions and has additionally referred to the sentencing guidelines as "fully advisory," "purely advisory," "advisory *in all applications*," and "advisory in all cases." *Steanhouse,* 500 Mich at 459, 466, 469, 470; see also *Lampe*, __ Mich App at __, slip op at 1-2, n 2 (BOONSTRA, J., concurring).

-2-

344, 352; 901 NW2d 142 (2017); *People v Dixon-Bey*, 321 Mich App 490, 532-533; 909 NW2d 458 (2017) (BOONSTRA, J., concurring in part and dissenting in part).

Many factors may be relevant to a sentence's proportionality, including but not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Lawhorn*, 320 Mich App 194, 207; 907 NW2d 832 (2017).]

Here, the trial court sentenced defendant to 30 to 60 years' imprisonment for his CSC-I conviction, 79 months more than the sentencing guidelines' recommended minimum sentence range of 135 to 281 months' imprisonment. Defendant claims that the trial court failed to explain the reasoning behind its sentence. However, the record shows that the trial court explained the reasons for the sentence by specifically focusing on the depravity of defendant's behavior in the context of his relationship with JK:

> As you are aware, I had the opportunity to sit through this trial and as I indicated in part of my ruling on the presentence report it was a difficult trial to sit through. One, just the nature of the evidence that was shown in the video—in the videos that were presented to the jury and I know the jury had difficulty in watching them as well. They were videos of your creation. The predatory nature of your behavior in this case is—is just something that I can't get over. To be a father figure to somebody for ten years and to bring about—and one could argue that for at least an extended period of that you were grooming this child to get her to that position where you could take advantage of her. You then medicated her to the point where she was unconscious so that you could perform these acts and commit these crimes. Just unconscionable. It's just it's sick, predatory, it's just there aren't really words to describe the depravity of your behavior. It really is just it's beyond comprehension. And I think in the communities that we live in and in society in general in the United States you are seen as a monster really. I think that's the term that most people would put on you that you're a monster and their children should be afraid of you and I don't disagree.
>
> The question then is how long to put you in prison. And you don't have much of a criminal history other than some misdemeanor convictions but that's not all that uncommon. The question is what's appropriate on your end, what's appropriate for society, what's appropriate as far as deterrence and I do my best based upon my experience in the law to give that to you.

I would hold that the trial court did not abuse its discretion by imposing a minimum sentence above the recommended guidelines range based on defendant's extreme predatory behavior.

The majority acknowledges that the trial court relied on defendant's predatory behavior in imposing its sentence. Yet it contends that the trial court failed to explain how the sentencing guidelines failed to adequately take defendant's behavior into account.[3] Although the trial court did not explicitly tie its reasoning to a particular offense variable, I believe the trial court made a sufficiently clear statement that the multitude of ways in which defendant exploited the victim's vulnerability were not adequately accounted for by the sentencing guidelines. OV 10 applies to the exploitation of a vulnerable victim. See MCL 777.40. OV 10 is to be assessed at 5 points when the "offender . . . exploited a victim who was intoxicated, under the influence of drugs, asleep, or unconscious." MCL 777.40(1)(c). OV 10 is to be assessed at 10 points when "[t]he offender exploited a victim's . . . youth . . ., or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). A trial court should assess 15 points for OV 10 if the offense involved predatory conduct. MCL 777.40(1)(a).

In this case, the trial court assessed the maximum 15 points for OV 10. Again, while the trial court did not specifically refer to OV 10 in articulating its sentencing rationale, the reasons it gave clearly reflected its belief that the scoring of OV 10 was not reflective of the circumstances of defendant's crime. The trial court made specific references to the "predatory nature" of defendant's behavior, as a "father figure" to JK over a period of 10 years, who over an "extended period" had been "grooming this child to get her to that position where [he] could take advantage of her," and who then "medicated her to the point where she was unconscious" such that defendant could commit sexual offenses against her. While it certainly would have been preferable for the trial court to have specifically addressed OV 10, it is readily apparent from the trial court's articulated rationale that what it was conveying was that defendant's conduct went well beyond conduct that justified a 15-point score for OV 10. Defendant's offense was premeditated and aimed at increasing JK's vulnerability in several ways. As the trial court noted, defendant manipulated a minor into taking medication by exploiting her naivety and his status as an authority figure in the child's life. Having medicated her to a state of unconsciousness, he then further exploited her vulnerability by sexually assaulting her while in her resulting unconscious state and by videotaping that assault for his own pleasure. In other words, defendant (1) drugged (2) a minor (3) with whom he possessed a domestic (father-figure) relationship, (4) over whom he had an authority status, and (5) committed a sexual assault on her (6) involving predatory conduct. This conduct was far in excess of what was required for a maximum score of 15 points for OV 10. See, e.g., *People v Huston*, 489 Mich 451, 463; 802 NW2d 261 (2011) (upholding a score of 15 points for OV 10 when the defendant's predatory

---

[3] The majority states that it is unable assess whether the trial court abused its discretion unless the trial court first explains "how or why [it] selected th[e] number" 79 as the number of months by which the sentence should exceed the recommended guidelines range. However, I conclude that in the post-*Lockridge* era a trial court must articulate why the sentence it is imposing (and therefore, necessarily, the extent of that sentence) is justified, but that it need not engage in a formulaic or mathematical analysis of why a sentence of "x" months is more justified than a sentence of "y" months.

conduct consisted of "lying in wait, armed and hidden from view" in order to commit armed robbery).

Further, although the sentence imposed exceeded the recommended minimum sentence range to a degree that was "substantial, it was not unwarranted." *People v Odom*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 339027), slip op at 10. Even though, as discussed, the trial court was only permitted to assess defendant 15 points under OV 10, defendant's total OV score was 100. An OV score of 100 places an offender at the highest possible OV level. As noted, OV 10 did not adequately account for defendant's conduct before and during the offense, but even if the trial court had been permitted to increase the score, defendant's recommended minimum sentence range would not have changed. I conclude that the length of the trial court's sentence was reasonable; had the sentencing guidelines permitted defendant to reach a higher OV level, his conduct during the offense would have justified placing him at that level.[4]

For these reasons, I conclude that the trial court articulated sufficient support for the out-of-guidelines sentence it imposed, and further that the trial court acted within its discretion and imposed a reasonable sentence, *Lockridge*, 498 Mich at 365, that was proportionate to the seriousness of the circumstances surrounding the offense and the offender, *Steanhouse*, 500 Mich at 460. See also *Walden*, 319 Mich App at 353-354. I would affirm.

/s/ Mark T. Boonstra

---

[4] OV levels increase every 20 points assessed until OV level VI is reached at 100 points. For defendant's sentencing offense, habitual offender status, and PRV level, every increase to the next OV level would have increased his recommended minimum sentence by an average of approximately 42 months. See MCL 777.62. If, for example, the trial court had been permitted to separately assess defendant points for his exploitation of (1) JK's youth, (2) his domestic relationship with JK, (3) his authority status over JK, and (4) JK's drugged state, as well as defendant's predatory conduct, it could have easily assessed defendant 50 total points (instead of 15) for that OV.